# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **KOREY JOHNSON,** | |
| Plaintiffs, | |
| v. | Case No.: PWG-18-3021 |
| **SILVER DINER, INC.,** *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Korey Johnson, an African-American man who is over forty years old, filed this lawsuit against Silver Diner, Inc. and its subsidiary Silver Diner Development, LLC, alleging that they discriminated against him based on race, national origin, and age; retaliated against him; and failed to pay him all wages due during the time that he worked for them as a restaurant Floor Manager. Am. Compl. ¶¶ 1–2, ECF No. 27. Defendants' motion to dismiss Johnson's claims in part, ECF No. 28, is pending.[1] Because, based on Johnson's well-pleaded allegations, Defendants are substantially identical, I will not dismiss his discrimination and retaliation claims against Silver Diner, Inc. for failure to name that entity on his administrative complaints. Nor will I dismiss his retaliation claims for failure to exhaust administrative remedies based on his failure to check the boxes for "age" and "race," as he did check the box for "retaliation," and did not need to check additional boxes. I will, however, limit Johnson's claims for retaliation and discrimination, Counts

---

[1] The parties fully briefed the motion. ECF Nos. 28-1, 31, 32. A hearing is not necessary. *See* Loc. R. 105.6.

4, 5, 6 and 7, to the conduct alleged in the administrative claims, and I will limit his state law claims for wages due, Counts 2 and 3, to claims for wages from October 3, 2015 and later.

**Background**

Johnson alleges that Defendants "do business as a family restaurant called 'Silver Diner.'" Am. Compl. ¶¶ 1–2. He claims that they discriminated against him, retaliated against him, and failed to pay him all wages due during the time that they "jointly employed" him "as a Floor Manager at Silver Dollar locations in both Virginia and Maryland." *Id.* He filed two EEOC charges, one against "Silver Diner Development Corporation" on April 2, 2018, and a second against "Silver Diner" on June 18, 2018. Apr. 2, 2018 EEOC Charge, ECF No. 28-2; June 18, 2018 EEOC Charge, ECF No. 28-4 (together, "EEOC Charges"). He alleged race and age discrimination from January 10, 2016 to January 26, 2018 in his first EEOC Charge; in his second EEOC Charge, he alleged retaliation and national origin discrimination from December 17, 2017 to January 26, 2018. *Id.*

After receiving a Dismissal and Notice of Rights in response to each EEOC Charge, ECF Nos. 28-3, 28-5, Johnson filed suit in this Court on October 2, 2018. Compl., ECF No. 1. His Amended Complaint includes seven counts against both Defendants: a Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 – 219, claim for failure to pay overtime wages (Count I); a Maryland Wage and Hour Law ("MWHL"), Lab. & Empl. §§ 3-401 – 3-431, claim for failure to pay overtime wages (Count II); a Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann, Lab. & Empl. §§ 3-501 – 3-509, claim for failure to pay all wages due (Count III); an Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, claim for age discrimination (Count IV); an ADEA claim for retaliation (Count V); a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, for race and national

origin discrimination (Count VI); a Title VII claim for retaliation (Count VII); and a claim pursuant to the Comprehensive Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 *et seq.*, for failure to provide notice of continuing healthcare coverage (Count VIII).

## **Standard of Review**

Defendants raise failure to exhaust administrative remedies as a basis for dismissing various aspects of Johnson's discrimination and retaliation claims, and they move to dismiss parts of his state law wage claims based on the statute of limitations. The parties disagree about whether the exhaustion argument should be considered as a Rule 12(b)(1) motion to dismiss for lack of jurisdiction or a Rule 12(b)(6) motion to dismiss for failure to state a claim. Pl's Opp'n 3 n.1; Def.'s Reply 1 n.1. For years, the law in the Fourth Circuit has been that "federal courts lack subject matter jurisdiction over Title VII [and ADEA] claims for which a plaintiff has failed to exhaust administrative remedies." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013); *see Jones v. Calvert Grp.*, 551 F.3d 297, 300, 301 (4th Cir. 2009). Recently, however, the Supreme Court held that the exhaustion of administrative remedies is not a jurisdictional issue:

> Title VII's charge-filing requirement is not of jurisdictional cast. Federal courts exercise jurisdiction over Title VII actions pursuant to 28 U.S.C. § 1331's grant of general federal-question jurisdiction, and Title VII's own jurisdictional provision, 42 U.S.C. § 2000e–5(f)(3) (giving federal courts "jurisdiction [over] actions brought under this subchapter"). Separate provisions of Title VII, § 2000e–5(e)(1) and (f)(1), contain the Act's charge-filing requirement. Those provisions "d[o] not speak to a court's authority," *EME Homer*, 572 U.S. at 512, 134 S.Ct. 1584, or "refer in any way to the jurisdiction of the district courts," *Arbaugh*, 546 U.S. at 515, 126 S.Ct. 1235 (quoting *Zipes*, 455 U.S. at 394, 102 S.Ct. 1127).
>
> Instead, Title VII's charge-filing provisions "speak to ... a party's procedural obligations." *EME Homer*, 572 U.S. at 512, 134 S.Ct. 1584. They require complainants to submit information to the EEOC and to wait a specified period before commencing a civil action. Like kindred provisions directing parties to raise objections in agency rulemaking, *id.*, at 511–512, 134 S.Ct. 1584; follow procedures governing copyright registration, *Reed Elsevier*, 559 U.S. at 157, 130 S.Ct. 1237; or attempt settlement, *Union Pacific*, 558 U.S. at 82, 130 S.Ct. 584,

> Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts.

*Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1850–51 (2019) (footnotes omitted). Accordingly, I will consider the exhaustion issue under Rule 12(b)(6). *See id.*

Pursuant to Rule 12(b)(6), a plaintiff's claims are subject to dismissal if they "fail[ ] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

Johnson contends that "[t]he statute of limitations is an affirmative defense typically raised in pleadings under Rule 8(c) and is generally not a proper basis for 12(b)(6) dismissal." Pl.'s Opp'n 16 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002)). He is correct that, generally, a Rule 12(b)(6) motion to dismiss does not "permit an analysis of potential defenses a defendant may have to the asserted claims." *J&J Sports Prods., Inc. v. Pro Street Shop, LLC, t/a Pro St. Cafe*, No. DKC 18-1000, 2019 WL 3290161, at *2 (D. Md. July 22, 2019). Nonetheless,

> dismissal may be appropriate when a meritorious affirmative defense is clear from the face of the complaint. *Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 250 (4th Cir. 1993)). "The statute of limitations is an affirmative defense that should only be employed to dismiss claims pursuant to Rule 12(b)(6) when it is clear from the face of the complaint that the claims are time barred." *Long v. Welch & Rushe, Inc.*, 28 F.Supp.3d 446, 456 (D. Md. 2014) (citations omitted); *see also* 5A Charles

A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 352 (3d ed. 2019) ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading[,]" rendering dismissal appropriate).

*Id.* Therefore, I will apply the Rule 12(b)(6) standard to Defendants' statute of limitations argument also. *See id.*

A court's evaluation of a Rule 12(b)(6) motion is "generally limited to a review of the allegations in the complaint itself," though a court also may consider "documents that are explicitly incorporated into the complaint by reference," those "attached to the complaint as exhibits," and documents that are considered "integral to the complaint," provided there is no dispute about the document's authenticity. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). Defendants attached Johnson's EEOC Charges to their Motion to Dismiss; Johnson relied on them in his Amended Complaint, Am. Compl. ¶ 8; and he does not dispute their authenticity. Accordingly, I will consider them in deciding this motion. *See Goines*, 822 F.3d at 165–66.

### **Exhausting Administrative Remedies**

*Naming Requirements*

Silver Diner, Inc. argues that Johnson's Title VII and ADEA claims against it in Counts 4, 5, 6, and 7 should be dismissed for failure to exhaust administrative remedies because it was not named in his administrative charges, which Defendants attach to their motion. Defs.' Mem. 7; *see also* EEOC Charges. Certainly, a requirement for exhaustion is that the employer be named in the administrative charge. *See Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 458 (4th Cir. 1998). And, it is true that Johnson did not name Silver Diner, Inc. on either of his EEOC Charges. *See* EEOC Charges. "But, '[t]his [naming] requirement is not applied in a hyper-technical fashion,' given that employees often file EEOC charges without out the assistance of

5

counsel, and "the exhaustion requirement was not intended to create 'insurmountable barriers' based on 'overly technical concerns.'" *Marshall v. Anne Arundel Cty., Maryland*, No. ELH-18-74, 2019 WL 568676, at *10 (D. Md. Feb. 12, 2019) (citations omitted). Accordingly, "'EEOC charges must be construed with utmost liberality,'" and under some "circumstances . . . the naming requirement is not strictly enforced." *Id.* (quoting *Alvarado*, 848 F.2d at 460); *see Membreno v. Atlanta Rest. Partners, LLC*, No. 19-369-PX, 2019 WL 3306020, at *5 (D. Md. July 23, 2019). The Court considers whether the purpose of the requirement is satisfied, that is, whether the unnamed defendant had notice and the opportunity to settle the matter before the employee filed a formal lawsuit. *See Marshall*, 2019 WL 568676, at *11 (citing *Alvarado*, 848 F.2d at 458–60). If so, "failure to include a defendant by specific name in the administrative charge does not bar subsequent civil suit." *Membreno*, 2019 WL 3306020, at *5 (citing *Weide v. Mass Transit Admin.*, 628 F. Supp. 247, 249 (D. Md. 1985)). Thus,

> this naming requirement is relaxed where a sufficient identity of interests exists between the named and unnamed parties. . . . The identity of interests test focuses on four factors: "(1) similarity of interests between named and unnamed parties; (2) ability of the plaintiff to ascertain the unnamed party at the time of the EEOC charge; (3) notice of the EEOC charge by the unnamed party; and (4) prejudice."

*Id.* (quoting *Zhang v. Sci. & Tech. Corp.*, 332 F. Supp. 2d 864, 867 (D. Md. 2004)); *see also Marshall*, 2019 WL 568676, at *11.

Defendants contend that Johnson's allegations that they were joint employers, such that Silver Diner, Inc. also employed him, are untrue, Defs.' Mem. 1 n.1; Defs.' Reply 3, 5, and they insist that, under the substantial identity test, Silver Diner, Inc. did not have interests "so similar" to its subsidiary that it had notice of the administrative charges naming only the subsidiary, Defs.' Mem. 8. Perhaps Defendants will be able to establish that this is so, but they have not yet offered any evidence of their relationship with each other or with Johnson. Indeed, they explicitly decline

to offer any evidence in support of their position, seeking to avoid converting the motion to one for summary judgment, Defs.' Reply 5 n.2, and they state that the facts from the Amended Complaint "are presumed to be true for the purposes of this motion," Defs.' Mem. 4 n.2. Consequently, there is no basis at this stage in the proceedings for converting this motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Thus, the motion will be resolved on the Amended Complaint and the EEOC Charges, which can be considered without converting the motion to one for summary judgment. *See Goines*, 822 F.3d at 165–66.

Johnson's first EEOC Charge, signed April 2, 2018, names "Silver Diner Development Corporation" as the employer. His second EEOC Charge, signed June 18, 2018, names "Silver Diner" as the employer. EEOC Charges. Both listed the same address for the employer. *Id.* Notably, Defendants are "Silver Diner, Inc." and "Silver Diner Development, LLC"; technically *neither* name appears on the EEOC Charges, although Silver Diner Development, LLC concedes that it received notice of the charges against it. And, Johnson alleges that "Defendants acted through unified operation and common control" and "acted through its agents Vice President of Human Resources Christopher Shand, Area Director Hassan Gajmal, and General Manager Manish Shrestha, all of whom worked for SD Inc. and SD Development." Am. Compl. ¶¶ 9–10. He also alleges that "Defendants collectively constituted an enterprise, within the meaning of FLSA, that does business as 'Silver Diner'" and that "jointly employed Johnson." *Id.* ¶¶ 12, 19. Additionally, Defendants concede that Defendants "maintain the same mailing address." Defs.' Reply 5.

Based on these allegations and Defendants' concession, Johnson has alleged sufficiently that Defendants' interests are "so similar" that Silver Diner, Inc. did not need to be named separately from its subsidiary on the EEOC Charges and would not have suffered prejudice from

7

the omission. Moreover, given Johnson's unrepresented status and his use of two different names on the EEOC Charges, neither of which is the exact name of either Defendant, I will not dismiss the Title VII and ADEA claims against Silver Diner, Inc. "based on 'overly technical concerns.'" *Marshall*, 2019 WL 568676, at *10; *see also Alvarado*, 848 F.2d at 460; *Membreno*, 2019 WL 3306020, at *5.

*Retaliation Claims*

Defendants argue that "Plaintiff's retaliation claims on the basis of age and race in the Amended Complaint against Defendants must be dismissed for failure to exhaust his administrative remedies because Plaintiff failed to allege retaliation on those bases in his administrative charges, all of which were filed after his termination." Defs.' Mem. 9. It is true that, because the claims that Johnson now brings in federal court predate his EEOC Charges, he must have raised them in the EEOC Charges to bring them in this Court. *See Hunter v. Vilsack*, No. DKC-07-2655, 2010 WL 1257997, at *8 (D. Md. Mar. 26, 2010) (quoting *Cherry v. Bealefeld*, No. CCB-08-1228, 2010 WL 917421, at *7 (D. Md. March 9, 2010) ) (holding that rule from *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992), and *Hill v. W. Elec. Co.*, 672 F.2d 381, 390 n.6 (4th Cir. 1982)— that claims are exhausted if related to claims in an EEOC charge—does not apply if the claims "could have been raised in [the] EEOC charge, but were not" because a later-filed EEOC charge suggests that the plaintiff was not "reluctant to file additional charges for fear of further reprisal," and therefore the plaintiff should not be excused from exhausting administrative remedies for claims "that predate the filing of an EEOC charge"); *see also Jones*, 551 F.3d at 303.

But, Johnson checked the box for "retaliation" on his June 18, 2018 EEOC Charge,[2] alleging that he was retaliated against between December 17, 2017 and January 26, 2018 when he received a negative performance review approximately ten days after emailing his employer and "mentioning [his] concerns for promotion and training [he] had yet to receive, while other younger and less qualify [sic] individuals were promoted," and again on January 26, 2018 when his employment was terminated nine days after he "had a meeting with the Area director and . . . informed him that [his general manager] was not confident enough with [him] and [his] promotion or training [him] and that younger less experience[d] and managers of a different national origin . . . were getting promoted at a different rate." June 18, 2018 EEOC Charge. Age and race are bases for a discrimination claim, whereas a retaliation claim requires an allegation that the employee participated in a protected activity and that the employer thereafter took an adverse employment action that was causally connected to the protected activity (not to the plaintiff's membership in a protected class). *See Boyer-Liberto v. Fontainbleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015). Thus, Johnson exhausted his administrative remedies for his retaliation claims by checking the box for "retaliation"; he did not need to check age or race also. *See id.* Defendants' motion to dismiss the retaliation claims in part on this basis is denied.

*Conduct Alleged*

Defendants contend that "Allegations in Plaintiff's Amended Complaint that are based on conduct not alleged in his underlying administrative charges must be dismissed for failure to exhaust administrative remedies." Defs.' Mem. 13. As noted, Johnson must have stated the claims he brings in this Court in his EEOC Charge; it is not enough for his pending claims to be related

---

[2] He did not allege retaliation in his April 2, 2018 EEOC Charge and therefore did not exhaust his retaliation claim through that charge. *See Hunter*, 2010 WL 1257997, at *8.

9

to his administrative claims. *See Hunter*, 2010 WL 1257997, at *8; *Cherry*, 2010 WL 917421, at *7. With regard to his retaliation claims, in his Amended Complaint, he alleges that he "engaged in protected activity when he complained to Gajmal and Shand" that "Shrestha wrote him up and denied him opportunities for training and promotion," and that, "[a]s a result of Johnson's protected activity, Defendants subjected Johnson to numerous materially adverse actions" including "denying Johnson a monetary bonus in December 2017 and firing him." Am. Compl. ¶¶ 93–95. Yet, the only actions Johnson alleged as adverse employment actions in his June 18, 2018 EEOC Charge were a negative performance review and the termination of his employment. Therefore, his retaliation claims shall be limited to these actions and shall not include the allegation that he was denied a bonus in December 2017, Am. Compl. ¶¶ 95, 108, which was not alleged in the administrative complaint. *See Hunter*, 2010 WL 1257997, at *8. In this regard, Defendants' motion is granted in part.[3]

Regarding his discrimination claims, his April 2, 2018 EEOC Charge is for discrimination based on race and age, and it includes claims that he "was not given proper performance evaluations, pay increases or promotions from [his] General Manager"; he was refused a managerial position when "younger people with little to no experience" were hired instead; and he was "written up" for failing to complete a certification that he was only given one day to complete. Apr. 2, 2018 EEOC Charge. His June 18, 2018 EEOC Charge is for discrimination based on national origin, as well as retaliation; it includes claims that he was not promoted or given training "while other younger and less qualify [sic] individuals" and "managers of a different national

---

[3] Insofar as Johnson complains that the EEOC omitted allegations he made from his EEOC Charges, his assertions are without merit because he returned to the EEOC to revise his first charge, which shows that he reviewed it, and despite the deficiencies, he signed both charges and did not pursue a third charge.

10

origin" were "promoted at a different rate"; he received a negative performance review; and his employment was terminated. June 18, 2018 EEOC Charge. Similarly, in this Court he claims that he "was unlawfully subjected to disparate treatment because of his age," race, and national origin. Am. Compl. ¶¶ 88, 101. He alleges that he was "disciplin[ed]," denied "opportunities for training and promotion," and his employment was terminated. *Id.* Therefore, he exhausted his administrative remedies by stating the same claims in his EEOC Charges. Insofar as the factual background section of his complaint (e.g., Am. Compl. ¶¶ 42 ("Shrestha gave only Johnson a grueling work schedule"), 51 ("Shrestha . . . denied him the pay increase or bonus he should have received"), 53 (bonus was denied "because of his race, national origin, and age")) alleges other discriminatory acts that do not appear within the counts themselves and, more significantly, did not appear in the EEOC Charges, that conduct may not be considered as a basis for his discrimination claims. *See Hunter*, 2010 WL 1257997, at *8.

## Statute of Limitations

According to Defendants, Johnson's "Maryland state wage claims are deficient because his claims exceed the applicable statute of limitations," which bars him "from recovering damages prior to October 3, 2015." Defs.' Mem. 14. Johnson acknowledges that his "MWHL and MWPCL claims have a three-year limitations period," and that he "cannot recover for unlawful discrete acts 'that occur outside the statutory time period,'" although, as noted, he insists (incorrectly) that the statute of limitations should not be considered at this juncture. Pl.'s Opp'n 16. He asserts that he "can use 'the prior acts as background evidence in support of' his timely MWHL and MWPCL claims." *Id.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

A three-year statute of limitations applies to MWHL and MWPCL claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. Plaintiff filed suit on October 2, 2018. *See* Compl. Therefore, it

"is clear from the face of the complaint" that Johnson's claims for wages from before October 3, 2015 are time-barred. *See J&J Sports Prods., Inc. v. Pro Street Shop, LLC, t/a Pro St. Cafe*, No. DKC 18-1000, 2019 WL 3290161, at *2 (D. Md. July 22, 2019) (quoting *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 456 (D. Md. 2014)). Those claims are dismissed. *See id*. Johnson still may use "prior acts as background evidence to support [his] timely claim[s]" under the MWHL and MWPCL, provided they are relevant and otherwise admissible into evidence. *See Morgan*, 536 U.S. at 102.

## **ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is, this 7th day of August, 2019, hereby ORDERED that

1. Defendants' motion to dismiss, ECF No. 28, is granted in part and denied in part as follows:

    a. Johnson's MWHL and MWPCL claims, Counts 2 and 3, are limited to claims for wages from October 3, 2015 and later, and the claims for wages prior to October 3, 2015 are dismissed;

    b. The Title VII and ADEA claims for retaliation and discrimination, Counts 4, 5, 6 and 7, will proceed, but will be limited to the conduct alleged in the EEOC Charges, as described above; and

    c. The remaining claims shall proceed against both Defendants.

/S/

Paul W. Grimm
United States District Judge

lyb